IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD THOMAS KENNEDY,
         Plaintiff,

v.                                                    Case No. 18-cv-1270
                                                     JURY TRIAL DEMANDED
                                                     VERIFIED

WALMART INC.,
KING & SPALDING LLP,
ROBERT D. HAYS,
SALLY Q. YATES, in her individual
and official capacity,
MISTY L. PETERSON,
AUSTIN A. EVANS,
EQUIFAX, INC.,
and RICHARD F. SMITH,
         Defendants.

FIRST AMENDED COMPLAINT

TAKE JUDICIAL COGNIZANCE

     A.     Executive Order 13825 concerning 2018 Amendments to the Manual for Courts-Martial, United States (March 1, 2018) now effective January 1, 2019,.[1]
     B.     Executive Order 13818—Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption (December 20, 2017).
     C.     In re Dismissal for Failure to State a Claim
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

"The general rule in appraising the sufficiency of a complaint about failure to state a claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "***every final judgment

---

[1] https://www.federalregister.gov/documents/2018/03/08/2018-04860/2018-amendments-to-the-manual-for-courts-martial-united-states

shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535

"A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegations that he is suing in 'criminal libel' should not be liberally construed. [3] The complaint is hard to understand but this, with nothing more, should not bring about a dismissal of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791. Accordingly, the complaint will not be dismissed for insufficiency. [4,5] Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends."
STEIN VS. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA, DCCDJ (1950), 11 F.R.D. 153.

"A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, it cannot be said that under no circumstances will the party be able to recover."
JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958)

"FRCP 8f: CONSTRUCTION OF pleadings.
All pleadings shall be so construed as to do substantial justice."
DIOGUARDI VS. DURNING, 2 CIR., (1944) 139 F2d 774

FIRST CAUSE OF ACTION – TRESPASS ON THE CASE

PARTIES

1. This is a second amended action and replaces ECF Doc 2, filed 08/20/2018.

2. I, Edward Thomas Kennedy, (hereinafter "Kennedy" or "Plaintiff") am one of the people of Pennsylvania, and in this court of record complains of each of the following:

King & Spalding LLP, Robert D. Hays, Sally Q. Yates, in her individual and official capacity,

Misty L. Peterson, Austin A. Evans, Walmart, Inc., Equifax, Inc., and Richard F. Smith,

2

hereinafter "Defendant," and "Defendants;" who are each summoned to answer and declare under penalty of perjury, in a plea of trespass on the case, Racketeer Influenced, and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968[2] claims, trespass on the case - vicarious liability, failure to provide a republican form of government and privacy violations, intentional infliction of emotional distress, and negligence, to wit:

STATEMENT OF THE CASE

3.      Each Defendant exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause.

4.      Equifax, Inc. is a corporation incorporated in Delaware, and it's principal executive offices are at 1550 Peachtree Street, N.W. Atlanta, Georgia. Defendant King & Spalding LLP ("K&S") is a (global) law firm with its executive offices located at 1180 Peachtree Street, N.E., Atlanta, GA 30309-3521,[3] and Robert D. Hays is its Chief Executive Officer ("CEO"). Sally Q. Yates is a partner at K&S and former Deputy Attorney General in the Obama Administration. Misty L. Peterson is Counsel at K&S. Austin A. Evans was Counsel at K&S on Case No. 5:18-cv-00214-JLS in E.D. of PA in this circuit, and is now employed by defendant Walmart, Inc., a corporation incorporated

---

[2] 18 U.S. Code § 1961 - Elements of Racketeering et seq.
Racketeering encompass a wide range of criminal activities that are directed towards generating a profit.
The actual income-generating activities may constitute a criminal offense. Upper Macungie Township, an organized criminal enterprise, and a transnational criminal organization, pursued financial fraud evidenced herein from the official public record, Said activity may also expose County of Lehigh and Upper Macungie Township to prosecution under the federal mail and wire fraud statutes, and now in this state of emergency, military law. Efforts by defendants to conceal the criminal nature of these activities

[3] https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=103194

in this judicial district[4] and its principal executive offices are at 702 S.W. 8th Street, Bentonville, Arkansas. Richard F. Smith was Equifax, Inc. CEO for more than ten years and is now retired[5] and signed its financial statements under penalty of perjury for more than ten years.

JURISDICTION AND VENUE

     5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Jurisdiction is also proper pursuant to 18 U.S.C. § 1965, which allows for nationwide jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[6] The Venue is the Judicial District of this Court because of (both) Walmart, Inc. and Equifax, Inc. are incorporated in Delaware. Equifax, Inc. is a K&S client.

     6.    Plaintiff Kennedy files this complaint on his common-law Tort and RICO claims. Judgment, in this case, must be granted (upon proper motion), because under Rule 902 self-authenticating financial evidence establishes elements of plaintiff's claims listed herein:

     a.    as a matter of law, [7]

---

[4] https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/201152
[5] Equifax CEO Richard Smith Who Oversaw Breach to Collect $90 Million
http://fortune.com/2017/09/26/equifax-ceo-richard-smith-net-worth/

[6] 18 U.S. Code § 1961 - Elements of Racketeering et seq.
Racketeering encompass a wide range of criminal activities that are directed towards generating a profit.
The actual income-generating activities may constitute a criminal offense. Upper Macungie Township, an organized criminal enterprise, and a transnational criminal organization, pursued financial fraud evidenced herein from the official public record, Said activity may also expose County of Lehigh and Upper Macungie Township to prosecution under the federal mail and wire fraud statutes, and now in this state of emergency, military law. Efforts by defendants to conceal the criminal nature of these activities may also constitute criminal offenses.

[7] It is well-settled that "the provisions of RICO shall be liberally construed to effectuate its remedial purposes."
U.S. v. Eisenberg, 773 F. Supp. 662 (D.N.J. 1991)

      b.      Executive Order 13825 concerning 2018 Amendments to the Manual for Courts-Martial, United States (March 1, 2018) effective January 1, 2019, listed herein,

      c.      the fact that both defendants Equifax, Inc., and Walmart, Inc. use alternative metrics to avoid generally accepted accounting principles (GAAP), with intentions to commit financial fraud, by said defendants, for personal economic and private gain, evidenced by their participation in Commonwealth of Pennsylvania pension benefits.

      7.      It is a financial fraud crime to lie, misreport or misconstrue information by the government in published financial reports[8] under RICO law.

      8.      All Defendants trespassed on the Case No. 5:18-cv-00214-JLS in US District Court E.D. of PA.

      9.      Each defendant today acted in such a way or failed to act in such a way, that Kennedy is injured and damaged.

      10.      Each defendant acted to deprive Kennedy of his liberty, and/or each defendant failed to act to prevent the loss by Kennedy of his liberty.

      11.      Further, each defendant is a willing participant in concert with each of the remaining defendants.

      12.      At all times mentioned in this action each defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of the said agency.

---

[8] Defendant County of Lehigh has a history of financial crimes, see "Former Lehigh County Clerk of Courts Indicted on Fraud Charges," link here:
https://wnep.com/2018/07/23/former-schuylkill-county-clerk-of-courts-indicted-on-fraud-charges/

13.  The following paragraphs describe what the defendants, under color of law, either acted or failed to act as obligated.

14.  Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to affect the unlawful loss of liberty of Kennedy, his good reputation, and his ability to earn a living.

15.  Defendants have breached that duty, and their fiduciary duty to one of the people, Kennedy. The damages for the injury caused by defendants' actions are $5,000 for each day of unlawful behaviors for each defendant, or $100,000.00 from each defendant, whichever is greater.

16.  The damages for the injury caused by the defendant's' absence of required action is $5,000 for each failure to act or $500,000.00 from each defendant, whichever is greater.

SECOND CAUSE OF ACTION - RICO -Racketeer Influenced and Corrupt Organizations Act violations

17.  Paragraphs 1 through 16 is included by reference as though fully stated herein.

18.  Kennedy sues Defendants in a multi-count cause of action under common law Torts and also under The Racketeer Influenced and Corrupt Organizations Act commonly referred to as RICO Act or simply RICO, a US federal law that provides for extended criminal penalties and a civil cause of action for injuries for acts performed as

part of an ongoing criminal organization[9] including RICO violations that includes the following:

    a.    The Defendant Walmart, Inc. has systematically and continuously, over the last ten (10) years and more, conducted a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, all of which acts are continuing in nature.

    b.    As grounds, therefore beginning in 2008 to the present, Defendant Walmart, Inc. misstated, misinformed and filed fake financial records on government websites, supported by self-authenticating digital evidence under Rule 902.

    19.    The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE -VICARIOUS LIABILITY

    20.    Paragraphs 1 through 19 are included by reference as though fully stated herein.

    21.    Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by defendant Yates is closely akin, in some respects, to its exercise by Government itself.

    22.    The purpose of imposing vicarious liability is to ensure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part

---

[9] 18 U.S. Code § 1961 - Elements of Racketeering et seq.
Racketeering encompass a wide range of criminal activities that are directed towards generating a profit.
The actual income-generating activities may constitute a criminal offense. County of Lehigh., an organized criminal enterprise, and a transnational criminal organization, pursued financial fraud evidenced herein from the official public record.

in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing or licensing the actors. Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors. Each defendant is vicariously liable for each instance of injury to the plaintiff.

23. The damages claimed are all a result of the injuries.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT AND PRIVACY VIOLATIONS

24. Paragraphs 1 through 23 are included by reference as though fully stated herein.

25. Kennedy wishes Defendant Yates to not breach her fiduciary duty to Kennedy. Upon information and belief, it appears Yates as Deputy Attorney General in the Obama Administration is now being investigated for the following:

a. Seditious conspiracy against a duly elected president, Donald J. Trump
b. Violations of the Espionage Act
c. Treason
d. (Possible) cover up by Yates of 25a, 25b and 25c herein.
e. Yates et al. probably spied on Kennedy[10] and violated his privacy.

26. Kennedy wishes all Defendants not to lie, mislead, misconstrue, misrepresent and/or put false information into either this court of record or the official

---

[10] Trump's "Hammer time" For Obama, Brennan & Clapper, link here:
https://www.youtube.com/watch?v=6tyjnnJRYMI (part 2) and part 1,
General McInerney Operation Freedom interview: https://davejanda.com/wp-content/uplo...

8

public record. The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic.

27. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

28. The business models of Defendants Walmart, Inc., Equifax, Inc, and K&S are based on a foundation of deceptions, lies, and financial fraud.

29. The damages claimed are all a result of the injuries.

FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Paragraphs 1 through 29 are included by reference as though fully stated herein.

31. Elements of intentional infliction of emotional distress as a tort is as follows: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous, and (3) the conduct must be the cause (4) of severe emotional distress. Kennedy says all four elements are met.

32. The damages claimed are all a result of the injuries.

SIXTH CAUSE OF ACTION – NEGLIGENCE

33. Paragraphs 1 through 32 are included by reference as though fully stated herein.

34. Kennedy was denied admissions to higher education by defendants.

35. In order for plaintiff Kennedy to prove for negligence, he must prove all of the

elements. The evidence herein determines the following elements were satisfied:[11]

Duty, Breach of Duty, Cause in Fact, Proximate Cause, and Damages.

36. The damages claimed are all a result of the injuries.

LAW OF THE CASE

37. Exhibit "1" is incorporated by reference as though fully stated herein. The date of the claim is the date of the hearing. Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.

Notice

CONFIRMATIO CARTARUM, (conforming charter)

*October 10, 1297, By Edward, King of England, reaffirms that the Magna Carta may be pleaded as the Common Law before a court. This links the Magna Carta to the Common Law. The U.S. Constitution guarantees one's access to the Common Law, i.e. the Magna Carta.[12]*

REQUEST FOR RELIEF

38. For that cause of action, therefore, Plaintiff brings his suit.

39. WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On all causes of action:

40. For general damages in the sum of $5,000 for each day of unlawful behaviors for each defendant, or $100,000.00 from each defendant, whichever is greater;

41. For damages for the injury caused by the defendant's' absence of required actions

---

[11] See Restatement of the Law, Second, Torts, § 652

[12] See "Sources of Our Liberties" Edited by Richard L. Perry, American Bar Foundation; distributed by Associated College Presses, 32 Washington Place, New York 3, New York.

of $5,000 for each failure to act; or $500,000.00 from each defendant, whichever is greater;

42. That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

43. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

44. That the court enter a declaratory judgment that defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right;

45. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and provide him with a lawful government;

46. That the court grant such, other and further relief as the court deems proper;

47. For interest as allowed by law;

48. For costs of suit incurred;

49. That the court grant his attorneys fees;

50. That the court Order defendant K&S to compensate Kennedy $1,000,000.00 for injury and damages under Fifth Cause of Action – Intentional infliction of emotional distress;

51. That the court Order each defendant to compensate Kennedy $1,000,000.00 for injury and damages under Third Cause of Action – Trespass on the Case - Vicarious Liability, Privacy Violations Common Law Tort;[13]

---

[13] Backenstoe may write in simple language, preferably a one or two page release. Parties mutually agree to release each other for all causes of action, all damages. Everybody releases everybody.

53. Upon proper motion, Order defendants to compensate Kennedy for Punitive damages;

54. Upon proper motion, Order defendant Walmart, Inc. to compensate Kennedy for triple damages under RICO;

55. That the court Order defendants to compensate Kennedy Trespass on the case - vicarious liability $1,000,000 for each defendant;

56. That the court defendant Yates to compensate Kennedy $1,000,000.00 for injury and damages under Fourth Cause of Action – Failure to Provide a Republican Form of Government and Privacy Violations;

57. That the court Order Defendants to compensate Kennedy $100,000.00 each for injury and damages under Sixth Cause of Action – Negligence;

58. I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.


Date: January 16, 2019.

                                           */s/ Edward Thomas Kennedy   (seal)*

                                           _____SEAL
Edward Thomas Kennedy, Plaintiff
401 Tillage Road
Breinigsville, Pennsylvania
Telephone: 415-275-1244.
Fax: 570-609-1810.
Email: kennedy2018@alumni.nd.edu


Attached: Exhibit 1, Law of the Case (15 pages)

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, I filed the foregoing Complaint and Exhibit 1

Law of the Case, by ECF and to the following relevant party by US regular Mail:

        Mark A. Milley, General
        Chairman of the Joint Chiefs of Staff
        9999 Joint Staff Pentagon
        Washington, DC 20318-9999


Dated this 16th day of January 2019.

        */s/ Edward Thomas Kennedy   (seal)*

        _____
        EDWARD THOMAS. KENNEDY